UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:06-cr-0125 LJM-KPF |
| ) | |
| RODERICK WALKER, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on August 27, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on August 21, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on September 5, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Doris Pryor, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, Michael Donahoe, Office of the Indiana Federal Community Defender; and Mike Burress, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Michael Donahoe, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Walker in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Walker and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Walker was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Walker would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Walker had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Walker had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on August 27, 2012.

7. Mr. Donahoe stated that Roderick Walker would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Walker waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Walker, by counsel, stipulated that he committed specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, except for specification of violation numbered 4. The specifications of violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
|  | The offender submitted urine samples on May 11 and May 22, 2012, which tested positive for cocaine. The probation officer confronted the offender about each positive test, and he admitted use each time. Furthermore, he failed to provide urine samples as required on May 26 and May 30, 2012. The offender's subsequent urinalyses have been negative. |

The Court placed Mr. Walker under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Walker stated that he

admitted the above violations as set forth. The government moved to dismiss specification numbered 4 contained in the Petition to revoke the defendant's supervised release, and the Court dismisses same.

Counsel for the parties further stipulated to the following:

1) Mr. Walker has a relevant criminal history category of VI, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Walker constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Walker is 21-24 months

4) The appropriate disposition of the case would be 12 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Walker violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Walker's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months. It is recommended by the undersigned Magistrate Judge that defendant be designated to the Farm Camp at the Federal Correctional Complex in Terre Haute, Indiana. Upon release from confinement, Mr. Walker will not be subject to supervised release.

The Magistrate Judge requests that Mike Burress, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Walker stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Walker entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Walker's supervised release and imposing a sentence of imprisonment of 12 months in the custody of the Attorney General. It is recommended by the Magistrate Judge that defendant be designated to the Farm Camp at the Federal Correctional Complex at Terre Haute, Indiana. Upon Mr. Walker's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 5th day of September, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Doris Pryor,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Michael Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal